UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOHNNIE McKINLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-CV-109-WTL-DKL |
| | ) | |
| CHARLES L. LOCKETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion for Summary Judgment**

In this civil rights action brought pursuant to the theory recognized in in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), the defendants have filed a motion for summary judgment. For the reasons explained in this Entry, the defendants' motion for summary judgment must be granted.

**Background**

Johnnie McKinley was confined at a federal prison in this District between June 20, 2011, and September 12, 2012. McKinley sues prison administrators and medical providers, alleging that they failed over an extended period of time to arrange for a hip replacement.

As previously noted, the consequence of McKinley's failure to oppose the motion for summary judgment is that he has conceded the moving defendants' proposed facts insofar as they are supported by the evidentiary record. With these facts in the record, the question presented by the defendants' motion is whether there is no genuine issue as to any material fact and whether the defendants are entitled to judgment as a matter of law. *See Nebraska v. Wyoming,* 507 U.S. 584, 590 (1993).

## Discussion

*Eighth Amendment Standard.* The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella,* 95 F.3d 586, 590 (7th Cir. 1996) (*cert. denied,* 519 U.S. 1126 (1997) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007). "Accordingly, a claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition." *Arnett v. Webster,* 658 F.3d 742, 750 (7th Cir. 2011). A medical condition need not be life threatening to qualify as "objectively serious"; it is enough "that a reasonable doctor or patient" would deem the condition "important and worthy of comment or treatment*.*" *Hayes v. Snyder*, 546 F.3d 516, 523–24 (7th Cir. 2008) (quotation marks and citation omitted). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*).

Claims of deliberate indifference to medical needs are examined differently depending on whether the defendants in question are medical professionals or lay persons. Both categories of individuals are among the defendants in this case.

"For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted).

Non-medical professional defendants, in turn, are entitled to rely on the medical professionals' judgment. *See King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)(officers are "entitled to defer to the judgment of jail health professionals" so long as they do not ignore a detainee); *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) ("Non-medical defendants . . . can rely on the expertise of medical personnel."); *Knight v. Wiseman*, 590 F.3d 458, 465 (7th Cir. 2009) (officers were entitled to rely on fact that prisoner had no medical work restrictions on his record to conclude that he could work without injury). "The only exception to this rule is that nonmedical officers may be found deliberately indifferent if 'they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.'" *King,* 680 F.3d at 1018 (quoting *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008)).

Together with the foregoing, a court examines the totality of an inmate's medical care when determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs. *Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999).

*Medical Defendants.* Dr. William E. Wilson, Timothy Tabor, and Christopher Blila are medical professionals. Each worked with McKinley during the year-plus McKinley was at the prison in Indiana to mitigate the discomfort from his degenerative hip disease and to enable McKinley to meet the Bureau of Prisons' criteria to be placed on the list for a hip replacement. They succeeded, eventually, in doing so, but this only highlights that the eligibility McKinley sought was not determined locally, nor by the medical defendants in this case, but by the BOP Office of Medical Designation based on uniform criteria established by the BOP. In making this effort, the defendants and McKinley encountered various complications—McKinley's diabetic and other conditions, periods of McKinley's hospitalization, periods during which McKinley was suffering from an active infection, and McKinley's own non-compliance with certain protocols. During this time, McKinley's various complaints of pain—both pain associated with his right hip

condition and his pain associated with other conditions—were promptly evaluated and treated. Once McKinley did qualify to be placed on the list, it was discovered that there were 16 names ahead of his. This was another circumstance not of the medical defendants' making and not within their control. None of the medial professionals named as defendants in this action prolonged, delayed or prevented the appropriate care for McKinley's degenerative joint disease. These circumstances negate the necessary element of deliberate indifference which McKinley would have to establish in order to recover.

*Defendant Blila.* In addition to being a medical professional, defendant Blila is a commissioned officer with the Public Health Service ("PHS"). The Public Health Services Act, 42 U.S.C. § 233(a), grants absolute immunity to PHS officers from *Bivens* actions "arising out of the performance of medical or related functions within the scope of their employment." *Hui v. Castaneda,* 130 S. Ct. 1845, 1851 (2010); *see also Anderson v. U.S.,* 2013 WL 1173948 (D.Minn. Jan. 25, 2013)(holding that PHS officers were entitled to absolute immunity from a *Bivens* inadequate medical care claim filed by a federal prisoner). The exclusive remedy injury attributed to the action of such an official in the performance of his duty is through an action pursuant to the Federal Tort Claims Act. *Hui,* 559 U.S. at 807.

McKinley's claim against Christopher Blila, a commissioned PHS officer, is thus barred by the immunity conferred by 42 U.S.C. § 233(a).

*Non-medical Defendants.* Wardens Charles Lockett and J. Oliver and (retired) Health Services Administrator Julie Beighley are not medical professions. The evidentiary record shows that these defendants relied on the treatment and related decisions of medical professionals and that these defendants did not have reason to believe or actual knowledge that medical professionals were mistreating or not treating McKinley for his degenerative joint disease.

**Conclusion**

The undisputed material facts negate the presence of the subjective state of mind required to show deliberate indifference, *i.e.,* that any defendant was "subjectively aware of [McKinley's] serious medical needs and disregarded an excessive risk that a lack of treatment posed to his health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). McKinley's opinion otherwise does not support a claim of cruel and unusual punishment. *Garvin v. Armstrong,* 236 F.3d 896, 898 (7th Cir. 2001) ("A difference of opinion as to how a condition should be treated does not give rise to a constitutional violation."). Because of this showing, the defendant individuals are entitled to the entry of judgment in their favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)(explaining that when the moving party has met the standard of Rule 56, summary judgment is mandatory).

Even construing the evidence in the light most favorable to McKinley, the court concludes that no reasonable jury could find that the defendants acted with deliberate indifference to McKinley's medical needs. No genuine issues of material fact remain, and the defendants are entitled to judgment as a matter of law.

The motion for summary judgment [dkt 41] is **granted.** Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 9/15/14

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOHNNIE MCKINLEY
11820-003
Medical Center for Federal Prisoners
P. O. Box 4000
Springfield, MO 65801

All electronically registered counsel